IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL P. KLAHN SR., | CASE NO. 2:16-CV-00719 GMN CWH |
| Plaintiff, | |
| vs. | **AMENDED STIPULATED DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER** |
| ARETE RITA KOSTOPOULOS and ROBERT CHANG, | |
| Defendants. | **SPECIAL SCHEDULING REVIEW REQUESTED** |

# STIPULATED AMENDED DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-4

Pursuant to Fed. R. Civ. P. 26(f) and United States District Court, District of Nevada Local Rules IA 6-1 and 26-4, the respective parties hereby submit this Amended Discovery Plan and Proposed Scheduling Order.

Pursuant to United States District Court, District of Nevada Local Rule 26-4, the respective parties provide the following:

**A. STATEMENT SPECIFYING THE DISCOVERY COMPLETED.**

To date, the parties have provided initial disclosures within 14 days of the Rule 26(f) Conference. No other discovery has been conducted.

**B. SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**

The discovery that remains to be completed by Defendants Robert Chang and Arete Rita Kostopoulos ("Defendants") includes written discovery, depositions of percipient witnesses, and expert depositions. Defendants anticipate filing discovery-related motions as necessary.

## C. REASONS WHY THE DEADLINE WAS NOT SATISIFED OR REMIAINING DISCOVERY WAS NOT COMPLETED WITHIN TIME LIMITS SET BY DISCOVERY PLAN

On December 01, 2017, defendant Arete Rita Kostopoulos filed a Motion to Dismiss for Failure to Serve Process; For Insufficient Service of Process; For Failure to State a Claim; for Lack of Personal Jurisdiction; In the alternative to Dismiss or Transfer for Improper Venue or in the Alternative to Transfer for Convenience (28 USC §1404(a)). (ECF No. 14.)

On December 22, 2017, defendant Robert Chang also filed a Motion to Dismiss for Failure to Serve Process; For Insufficient Service of Process; For Failure to State a Claim; for Lack of Personal Jurisdiction; In the alternative to Dismiss or Transfer for Improper Venue or in the Alternative to Transfer for Convenience (28 USC §1404(a)). (ECF No. 22.)

On January 12, 2018, the respective parties submitted a Stipulated Discovery Plan and Proposed Scheduling Order at this court's request. (ECF No. 29.) The proposed dates were stipulated to with the belief that the court would hear and provide rulings on Defendants' Motions to Dismiss prior to the deadlines set forth in the proposed scheduling order.

However, to date, the court has not ruled on the pending Motions to Dismiss filed by Defendant Arete Rita Kostopoulos' or Defendant Robert Chang. As such, the respective parties respectfully request that the scheduling order be amended, as set forth below, to dates that would coincide with the yet to be determined hearing date of Defendants' Motions to Dismiss and would provide adequate time for discovery to be conducted by the respective parties in the event the motions are not granted.

## D. AMENDED PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

### 1. Discovery Limitations

The scope of discovery shall conform to the limitations provided under the Federal Rules of Civil Procedure and Local Rule 26-1.

///

2. <u>Identification of Issues for Possible Early Resolution</u>

Defendants Arete Rita Kostopoulos and Robert Chang identify their pending motions to dismiss or transfer, which would allow for early resolution of the entire action or particular causes of action, or transfer this matter to another district. Further, the resolution of these motions through transfer would require the parties to file a Discovery Plan compliant with different local rules.

In the event this Court dismisses all of Plaintiff's causes of action, this scheduling order shall not apply. In the event this Court dismiss some, but not all, of Plaintiff's causes of action, this scheduling order shall apply to those remaining causes of action. In the event this Court grants a venue transfer, this scheduling order shall not apply. In the event this Court denies Defendants' Motions to Dismiss or Transfer, the following dates shall apply (If any of the following deadlines fall on a weekend or court holiday, then the deadline is extended to the first court day after the deadline):

    3. <u>Discovery Cut-Off</u>
- i. The first appearance by a Defendant in this matter was on December 1, 2017.
- ii. All discovery shall be completed no later than 180 days after the entry of order on Defendants' Motion to Dismiss.

    4. <u>Pending Discovery</u>

No discovery has proceeded to date.

    5. <u>Amending Pleadings and Adding Parties</u>

The last date to file motions to amend the pleadings or add parties is no later than 90 days after the entry of order on Defendants Motion to Dismiss.

    6. <u>Expert Disclosures and Rebuttals</u>
- i. Exchange of initial disclosures of Plaintiff's and Defendants' expert(s) (if any) shall take place on or before 120 days after the entry of order on Defendants' Motions to Dismiss.
- ii. Exchange of disclosures of all rebuttal expert(s) (if any) shall take place on or before 90 days after the entry of order on Defendants Motion to Dismiss.

///

AMENDED STIPULATED DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER

7. <u>Dispositive Motions</u>
    i. Dispositive motions may be filed no later than 210 days after the entry of order on Defendants Motion to Dismiss.
    ii. The party opposing any such motion shall have thirty (30) days to respond and the moving party shall then have fifteen (15) days to reply, unless the opposition is coupled with a cross-motion in which case the initial moving party shall have thirty (30) days to respond.
8. <u>Joint Pretrial Order</u>
    i. If a dispositive motion is <u>not</u> filed, the joint pre-trial order shall be filed no later than 240 days after the entry of order on Defendants Motion to Dismiss, unless the Court, upon appropriate motion and consideration of the discovery plan, alters the time and manner of discovery.
    ii. If a dispositive motion is filed, the joint pre-trial order shall be filed within 30 days after decision on the dispositive motion or further court order.
    iii. Rule 26(a)(3) disclosures shall be included in the joint pre-trial order.

## II. MEDIATION

The Parties may consider mediation once their initial discovery has been completed.

## III. TRIAL BY MAGISTRATE JUDGE

The Parties reserve the right to consent to trial before a United States Magistrate Judge.

## IV. RULE 26-1 CERTIFICATIONS

Counsel and Plaintiff certify that they have conferred regarding these matters, including possibility of using alternative dispute resolution processes pursuant to Local Rule 26-1(b)(7). Counsel and Plaintiff certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program pursuant to Local Rule 26-1(b)(8). In accordance with Local Rule 26-1(b)(9), the Counsel and Plaintiff certify that they have discussed the presentation of evidence in electronic format to a jury. The Parties have not reached any stipulations regarding the use of electronic evidence other than those listed above.

///

## V.  RULE 26(f) CERTIFICATION

Counsel and Plaintiff certify that telephone conversations were held prior to the filing of this joint pleading respecting the nature of the action, the defenses asserted, and the discovery to be required.

Respectfully Submitted,

Dated:  March 21, 2018  PLAINTIFF,
DANIEL P. KLAHN, SR., PRO SE


/s/ Daniel P. Klahn, Sr.
Daniel P. Klahn, Sr., Pro Se
P.O. Box 1394
Searchlight, NV 89046
(760) 703-6289
dpklahn@yahoo.com

Dated:  March 21, 2018  **DEFENDANTS,
ARETE RITA KOSTOPOULOS and
ROBERT CHANG,**

By their attorneys,


/s/ *Renee E. Jensen*
Renee E. Jensen, Esq., Bar No. 6001
FORD, WALKER, HAGGERTY & BEHAR
8215 South Eastern Avenue
Suite 225
Las Vegas, Nevada 89123
(702) 724-2699 phone
(702) 912-1352 fax
rjensen@fwhb.com

I, Renee E. Jensen, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


/s/ Renee E. Jensen
RENEE E. JENSEN

5
AMENDED STIPULATED DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER

# **[PROPOSED] SCHEDULING ORDER**

1. <u>Discovery Limitations</u>

The scope of discovery shall conform to the limitations provided under the Federal Rules of Civil Procedure and Local Rule 26-1.

2. <u>Identification of Issues for Possible Early Resolution</u>

Defendants Arete Rita Kostopoulos and Robert Chang identify their pending motions to dismiss or transfer, which would allow for early resolution of the entire action or particular causes of action, or transfer this matter to another district. Further, the resolution of these motions through transfer would require the parties to file a Discovery Plan compliant with different local rules.

In the event this court does not grant Defendants' Motions to Dismiss, the following dates shall apply (If any of the following deadlines fall on a weekend, then the deadline is extended to the first court day after the deadline):

3. <u>Discovery Cut-Off</u>
    i. The first appearance by a Defendant in this matter was on December 1, 2017.
    ii. All discovery shall be completed no later than 180 days after the entry of order on Defendants Motions to Dismiss.

4. <u>Pending Discovery</u>

No discovery has proceeded to date.

5. <u>Amending Pleadings and Adding Parties</u>

The last date to file motions to amend the pleadings or add parties is no later than 90 days after the entry of order on Defendants Motion to Dismiss.

6. <u>Expert Disclosures and Rebuttals</u>
    i. Exchange of initial disclosures of Plaintiff's and Defendants' expert(s) (if any) shall take place on or before 120 days after the entry of order on Defendants Motion to Dismiss.
    ii. Exchange of disclosures of all rebuttal expert(s) (if any) shall take place on or before 90 days after the entry of order on Defendants Motion to Dismiss.

7. Dispositive Motions

i. Dispositive motions may be filed no later than 210 days after the entry of order on Defendants Motion to Dismiss.
                ii. The party opposing any such motion shall have thirty (30) days to respond and the moving party shall then have fifteen (15) days to reply, unless the opposition is coupled with a cross-motion in which case the initial moving party shall have thirty (30) days to respond.
        8. Joint Pretrial Order
                i. If a dispositive motion is <u>not</u> filed, the joint pre-trial order shall be filed no later than 240 days after the entry of order on Defendants Motion to Dismiss, unless the Court, upon appropriate motion and consideration of the discovery plan, alters the time and manner of discovery.
                ii. If a dispositive motion is filed, the joint pre-trial order shall be filed within 30 days after decision on the dispositive motion or further court order.
                iii. Rule 26(a)(3) disclosures shall be included in the joint pre-trial order.

**IT IS SO ORDERED:**

_____
United States District Court Judge, Gloria M. Navarro

_____
United States Magistrate Judge, Carl W. Hoffman

Dated: March 22, 2018

Per the parties' stipulation, discovery in this case is STAYED until the Court rules on Defendants' pending motions to dismiss [14, 22].

UNITED STATES DISTRICT COURT )
)
DISTRICT OF NEVADA )

     I am employed in Los Angeles County; I am over the age of eighteen years and not a party to the within entitled action; my business address is: One World Trade Center, Twenty-Seventh Floor, Long Beach, California 90831-2700

     On March 21, 2018, I served the within: AMENDED STIPULATED DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER

on the interested parties in said action,

____ by personally delivering it to the person(s) indicated below in the manner as provided in FRCivP5(b);

__x__ by depositing it in the United States Mail at Long Beach, California, in a sealed envelope with the postage fully prepaid to the following;

    Daniel P. Klahn, Sr
    P. O. Box 1394
    Searchlight, NV 89046

__X__ I hereby certify that I am a member of the Bar of the United States District Court, District of Nevada.

____ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

__X__ I hereby certify under the penalty of perjury that the foregoing is true and correct.

     Executed on March 21, 2018, at Long Beach, California.

                             */s/ Renee Jensen*
                             Renee Jensen